UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SOUTHERN ELECTRICAL RETIREMENT FUND, | )<br>)<br>) Civil Action No. |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| DALE C. ROSSMAN, INC., | )<br>) |
| Defendant. | ) |

# COMPLAINT

Southern Electrical Retirement Fund (Plaintiff), complaining of Dale C. Rossman, Inc. (Defendant) alleges as follows:

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980, in particular 29 U.S.C. § 1145 (Section 515 of ERISA), and is a civil action to recover employer contributions owed to the Plaintiff. Jurisdiction is premised upon 29 U.S.C. § 1132(e)(1).

2. Venue is based on 29 U.S.C. § 1132(e)(2) as Plaintiff is a pension plan administered in this judicial district through Southern Benefit Administrators, Incorporated of Goodlettsville, Tennessee.

3. Plaintiff is a pension plan as that term is defined in ERISA at 29 U.S.C. § 1002(2) and is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with a local labor organization affiliated with the International Brotherhood of Electrical Workers. All principal and income from such

contributions and investments thereof is held and used for the exclusive purpose of providing retirement benefits to participants of the Plaintiff after paying administrative and other reasonable expenses of the Fund.

4. Defendant is an employer and a party in interest as those terms are defined in ERISA at 29 U.S.C. §§ 1002(5) and 1002(14)(c). During all pertinent times, Defendant was a party to a collective bargaining agreement requiring Defendant to pay contributions to the Plaintiff on behalf of its employees.

5. Plaintiff operates under the provisions of a trust agreement which states contributions owed by Defendant are an asset of Plaintiff on the date due. Plaintiff has established an employer self-reporting payment system whereby participating employers such as Defendant identify those employees for whom contributions are owed or from whom money has been withheld from wages, identify the hours and weeks worked by the covered employees, and based upon employee work history reported, the employers make contributions and payments to Plaintiff.

6. The collective bargaining agreement and trust agreement require prompt payment of all such contributions and payments, failing which a delinquent employer may be assessed with attorney's fees and other fees for late payment as permitted by law, plus interest at 15% per annum on unpaid contributions. The Plaintiff operates pursuant to written procedures which authorize the entry of a judgment against an employer for contributions owed to include by mandate of the Court the greater of a doubling of the interest or liquidated damages based upon unpaid contributions in the amount of twenty percent (20%), all as allowed by 29 U.S.C. §§ 1132(g)(2)(C)(i) and (ii).

7. The Multiemployer Pension Plan Amendments Act of 1980, adding 29 U.S.C. §1145 to ERISA, provides that every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of the collective bargaining agreement shall, to the extent not inconsistent with law, make those contributions in accordance with the terms and conditions of such plan or such agreement.

8. Defendant has breached the above-referenced provisions of ERISA, the collective bargaining agreement, and the trust agreement whereby the Plaintiff was created and operates, such breach occurring by virtue of Defendant's not making reports and/or not paying contributions due which employee work histories would indicate should have been paid on the date due.

9. Because the contributions are an asset of Plaintiff on the date due, Defendant has retained those assets in violation of 29 U.S.C. § 1106 and the agent of Defendant who made the decision not to pay contributions on the due date has acted as fiduciary of the Plaintiff.

10. Despite demand that Defendant perform its statutory and contractual and trust obligations with respect to making contributions and payments to the Plaintiff, Defendant has neglected and refused to pay the amounts that are due as a consequence of the conduct described herein, and Defendant currently owes an outstanding principal amount without regard to accumulated interest. Defendant owes accumulated interest on the unpaid contribution as a result of its conduct as described herein.

11. The failure of Defendant to pay contributions on behalf of its employees will cause the Plaintiff to suffer irreparable harm; further, employer delinquencies such as those of Defendant affect and impact upon the financial integrity of the Plaintiff, and the continued delinquency will cause the Plaintiff to lose the benefit of interest income that it would otherwise earn and will cause

the Plaintiff to incur additional administrative expenses in connection with the remedying of delinquencies of Defendant.

12. Copies of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail in accordance with the provisions of ERISA Section 502(h), 29 U.S.C. § 1132(h).

WHEREFORE, Plaintiff requests the following relief:

(a) A permanent injunction enjoining Defendant from violating the provisions of ERISA, the collective bargaining agreement, and the trust agreement requiring payment of contributions.

(b) A judgment against Defendant in favor of Plaintiff for all contributions that are owed as of the date of the judgment plus the greater of double interest or single interest plus liquidated damages and all attorney fees and costs incurred in connection with this action.

(c) For such further or different relief as the Court may deem proper or just.

Respectfully submitted,

s/R. Jan Jennings
R. Jan Jennings, BPR No. 1536
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Avenue, Ste. 200
Nashville, TN  37203
Tel. (615) 254-8801
Email: janj@bsjfirm.com